**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

TWYLA SAMPSON, GWENDOLYN
MILLER, HENRIETTA DEVINE, LATOYA
D. MINGO, TERRANCE D. HAYES,
RASHAD D. GORDON, CHARLENA S.
WILLIAMS, SONIA S. CARGILE,
MELESA D. THOMPSON, CHARLES D.
WILLIAMS, BETTY STEWART, and
HENRY J. SMITH,

        Plaintiffs,

vs.

STICKBAY, INC. D/B/A DAYS INN, a
Florida Corporation, MITCH & MURRAY
HOTELS, INC. d/b/a DAYS INN/MPR, LLC,
a Florida Corporation, and JAMIL KASSAM,
individually,

        Defendants.

_____/

Case No.: 8:15-cv-02040-VMC-TBM

**MOTION FOR LEAVE TO ADD PARTY DEFENDANTS**

    Plaintiffs, by and through the undersigned counsel, hereby move this Court, pursuant to Rule 15 (a) of the Federal Rules of Civil Procedure and Local Rule 4.01, for leave to amend the First Amended Complaint to add additional party defendants. In support of this motion, Plaintiffs state as follows:

    1.    Plaintiffs seek to add the franchisors and/or principals of Defendants Stickbay, Inc. d/b/a Days Inn, and/or Mitch & Murray Hotels, Inc. d/b/a Days Inn/MRP, LLC, as parties to this lawsuit.

    2.    Upon information and belief, Wyndham Worldwide Operations, Inc. and/or Days Inn Worldwide, Inc. (collectively, the "Franchisors") are parties to a franchise agreement with Defendants with respect to the operation and management of its hotel business.

3.  Plaintiffs believe that discovery in this matter regarding the agency/principal relationship between Defendants and the Franchisors will reveal the information necessary to pinpoint both the precise practices and the parties responsible for the discriminatory, hostile and retaliatory treatment that Plaintiffs received while employed by Defendants.

4.  With the addition of these parties, Plaintiffs will be able to seek full satisfaction from all relevant parties and ascertain the full extent of damages done by Defendants.  Moreover, the addition of the two Franchisors may serve to provide less inconsistency, which would occur if the Franchisors were sued separately in another lawsuit.

## MEMORANDUM OF LAW

Rule 15(a) declares that leave to amend "shall be freely given when justice so requires." The Supreme Court has emphasized that "this mandate is to be heeded." *Foman v. Davis,* 371 U.S. 178, 182, (1962).  As such, there must be a "justifying reason" for a court to deny leave. *Taylor v. Florida State Fair Auth.*, 875 F. Supp. 812, 814 (M.D. Fla. 1995)*; see also Halliburton & Assoc. v. Henderson, Few & Co.,* 774 F.2d 441, 443 (11th Cir.1985) ("substantial reason" needed).

In *Foman,* the Supreme Court indicated that a court should deny leave to amend a pleading *only when*: (1) the amendment would be prejudicial to the opposing party, (2) there has been bad faith or undue delay on the part of the moving party, or (3) the amendment would be futile. *Foman,* 371 U.S. at 182; *Taylor*, 875 F. Supp. at 814.  Here, no such circumstances exist.

First, as information regarding the Franchisors' presumed principal/agency relationship with Defendants has only recently become available to Plaintiffs' counsel, no bad faith or dilatory motive on the part of the Plaintiffs can be claimed.  Moreover, this amendment is filed

timely and without delay given that, pursuant to this Court's Case Management Order, the deadline for Plaintiffs to add parties has not yet passed as of the date of the filing of this motion.

Second, Defendants will not suffer undue prejudice by virtue of this amendment because the proposed amendment contains only the names of additional parties who, as principals, may share in the legal liability complained of in this matter. Moreover, as the parties have just commenced discovery (only written discovery has been propounded by both parties, no depositions have been set, and trial is currently scheduled for March 2017), neither the Defendants, nor the Franchisors, will be prejudiced by allowing the amendment at this early stage in the litigation.

Last, with respect to Plaintiffs' claims under Title VII and the Florida Civil Rights Act,[1] Plaintiff anticipates that Defendants will oppose this amendment on the grounds that the amendment will be futile because the franchisors were not named as respondents in the EEOC proceedings, thereby precluding a subsequent lawsuit against them based on the claims in the EEOC charge of discrimination. However, courts liberally construe this pre-suit requirement and have stated that "where the purposes of [Title VII] are fulfilled, a party unnamed in the EEOC charge may be subjected to the jurisdiction of federal courts." *Virgo v. Riviera Beach Associates, Ltd.*, 30 F.3d 1350, 1359 (11th Cir. 1994).

Specifically, in order to determine whether a party unnamed in the EEOC proceedings may be named in a subsequent lawsuit for purposes of Title VII, courts do not apply a rigid test but instead look to several factors including: (1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed parties received

---

[1] Of course, Plaintiffs' other claims against the Franchisors, e.g. claims brought under 42 U.S.C. § 1981, Florida Statute § 448.102 and other potential tort claims would not be futile, as they do not require administrative exhaustion and no applicable statute of limitations has expired.

adequate notice of the charges; (4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings. *Id.* Other factors may also be relevant depending on the specific facts of the case. *Id.*

Here, upon information and belief, Defendants and its Franchisors are similar in interest based upon the franchisor/franchisee and/or principal/agent relationship that exists between them. Formal discovery will reveal the true extent that Defendants and the Franchisors have commonality in ownership, operations and control of finances with respect to Defendants' hotel management and operations. Further, presumably, pursuant to the conditions and requirements of their franchise agreement, Defendants were likely required to give notice of all potential and pending litigation to the Franchisors, including the claims involving Plaintiffs in the instant lawsuit.

Last, Plaintiffs were also unrepresented by counsel at the time of their filing of the EEOC charges of discrimination, and were therefore not privy to, or cognizant of, the legal relationship between Defendants and the Franchisors. They therefore could not have ascertained the identity of the Franchisors at the time the EEOC charge was filed. In any event, the EEOC's investigation did not provide an opportunity for the parties to mediate, and did not conclude that the information provided by Plaintiffs established a statutory violation; as such, no early mediation or conciliation efforts were available to the parties, and the Franchisors were therefore not actually prejudiced by their exclusion from the EEOC proceedings (assuming that the Franchisors were not actually made aware of the proceedings by Defendants and given an opportunity to participate in the EEOC proceedings).

### Conclusion

For the reasons set forth above, Plaintiffs respectfully requests that the Court enter an Order permitting Plaintiffs to amend its Amended Complaint to add Wyndham Worldwide Operations, Inc. and Days Inn Worldwide, Inc. as Defendants in this case.

### Rule 3.01(g) Certification

The undersigned counsel certifies, pursuant to Local Rule 3.01(g), that she has conferred with counsel for Defendants in a good faith attempt to resolve the issues raised in this Motion, and that counsel for Defendants opposes the relief requested in this Motion.

Respectfully submitted,

*/s/ Kamilah L. Perry*               */s/Charles M. Holloman II*

| | |
|---|---|
| **KAMILAH L. PERRY, ESQ.** | **CHARLES M. HOLLOMAN II, ESQ.** |
| Florida Bar No. 0597937 | Florida Bar No. 0032240 |
| kperry@perrylawfla.com | ch2@cmhollomanlaw.com |
| **THE PERRY LAW GROUP** | **HOLLOMAN LAW** |
| 4830 W. Kennedy Boulevard, Suite 600 | 502 North Armenia Avenue |
| Tampa, Florida 33609 | Tampa, Florida 33609 |
| 813-509-2500 | 813-445-8721 Fax |
| 813-441-7444 (FAX) | 813-445-8722 Phone |
| Attorney for Plaintiffs | Attorney for Plaintiffs |

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 1, 2015, I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

> Helen Palladeno, Esq.
> Ogletree Deakins Nash Smoak & Stewart, P.C.
> 100 N. Tampa St., Ste. 3600
> Tampa, FL  33602
> helen.palladeno@ogletreedeakins.com

- 6 -

/s/Kamilah Perry
Attorney