UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GWENDOLYN MILLER, HENRIETTA
DEVINE, LATOYA D. MINGO,
TERRANCE D. HAYES, RASHAD D.
GORDON, CHARLENA S. WILLIAMS,
SONIA S. CARGILE, MELESA D.
THOMPSON, CHARLES D. WILLIAMS,
BETTY STEWART, and HENRY J.
SMITH,

          Plaintiffs,
v.                              Case No.: 8:15-cv-2040-T-33TBM

STICKBAY, INC. d/b/a DAYS INN,
MITCH & MURRAY HOTELS, INC.
d/b/a DAYS INN/MPR, LLC, JAMIL
KASSAM, DAYS INNS WORLDWIDE,
INC., and WYNDHAM WORLDWIDE
OPERATIONS, INC.,

          Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Defendants Days Inns Worldwide, Inc. and Wyndham Worldwide Operations, Inc.'s (collectively referred to herein as the "Wyndham Defendants") Motion to Dismiss Second Amended Complaint (Doc. # 44), filed on March 28, 2016. Plaintiffs Gwendolyn Miller, Henrietta Devine, Latoya D. Mingo, Terrance D. Hayes, Rashad D. Gordon, Charlena S. Williams, Sonia S. Cargile, Melesa D. Thompson, Charles D. Williams, Betty Stewart, and Henry J. Smith filed a Response in Opposition to the Motion on April

18, 2016. (Doc. # 47). For the reasons that follow, the Motion is denied.

## I. Background

The following factual discussion, taken from Plaintiffs' Second Amended Complaint (Doc. # 31) is accepted as true for the purpose of addressing the Motion. Defendants Stickbay, Inc. and Mitch & Murray Hotels, Inc. are Franchisees of the Wyndham Defendants. (Id. at ¶ 12). Franchisees operate a Days Inn located in Tampa. Id. Defendant Jamil Kassam is the President of Stickbay, Inc. and Mitch and Murray Hotels, Inc. Id. at ¶ 12. Kassam employed Plaintiffs as housekeeping and maintenance employees. (Id. at ¶ 13).

Plaintiffs claim that they endured, on a frequent basis, racially discriminatory and harassing treatment during their employment. This treatment included racially derogatory comments, disparate treatment in allowing only non-African-American employees to use cell phones while working, significantly reduced work hours, and more menial and labor-intensive work than non-African-American employees. (Id.). Twyla Sampson, (a Plaintiff who, at this point in the litigation, has settled out of the case), as Housekeeping Supervisor and on behalf of herself and all Plaintiffs, complained to Defendants about the treatment. (Id. at ¶ 16).

2

Several Plaintiffs then filed charges of discrimination with the U.S. Equal Employment Opportunity Commission and the Florida Commission on Human Relations, complaining of racial discrimination and unfair treatment in the workplace. (Id. at ¶ 17). Additionally, Plaintiff Charlena Williams complained to the Occupational Safety and Health Administration about health and safety violations at the hotel. (Id. at ¶ 18).

Plaintiffs claim that they were "discriminated against and subsequently terminated on the basis of their race, African-American, retaliated against for forging complaints of unlawful activity, and replaced by non-African-American employees." (Id. at ¶ 11). Accordingly, Plaintiffs filed a state court action claiming violation of Title VII of the Civil Rights Act of 1964 and other statutes on July 30, 2015. Plaintiffs filed an Amended Complaint on August 15, 2016, which Defendants removed to this Court based on the presentation of a federal question. (Doc. ## 1, 2).

With leave of the Court, Plaintiffs filed their Second Amended Complaint on February 15, 2016. (Doc. # 31). In counts one, two, and three, Plaintiffs allege disparate treatment, retaliation, and a hostile work environment in violation of the Florida Civil Rights Act, Fla. Stat. § 760.01 et seq., ("FCRA"). In counts four, five, and six, Plaintiffs allege

3

violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., ("Title VII"). In counts seven, eight, and nine, Plaintiffs allege violations of 42 U.S.C. § 1981. In count ten, Plaintiffs allege Defendants engaged in illegal retaliatory action in violation of Florida's Private Sector Whistle-Blower's Act, Fla. Stat. § 448.102.

At this juncture, the Wyndham Defendants seek an order dismissing them from the case arguing that (1) Plaintiffs failed to comply with Fed. R. Civ. P. 8(a)(2) and 12(b)(6); (2) Plaintiffs did not exhaust their administrative remedies by specifically naming the Wyndham Defendants in the EEOC charges; and (3) the claims against the Wyndham Defendants asserted in the Second Amended Complaint do not relate back to filing of the Amended Complaint and are accordingly time-barred.

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th

Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

**III. Analysis**

    **A.  Rules 8(a)(2) and 12(b)(6), Fed. R. Civ. Pro.**

The Wyndham Defendants first move to dismiss under Rules 8(a)(2) and 12(b)(6). They allege the Second Amended Complaint has no facial plausibility because it lacks factual content. The Wyndham Defendants contend that instead the Second Amended Complaint contains mere legal conclusions and should be dismissed.

Having reviewed the Second Amended Complaint, the Court determines that Plaintiffs have provided sufficient factual

5

allegations to meet the pleading standards articulated in Twombly. The Complaint gives the Wyndham Defendants notice of what Plaintiffs' claims are and the grounds on which the claims rest. Plaintiffs state that Defendants do business as Days Inn. (Doc. # 31 at ¶ 12). The Wyndham Defendants submit Plaintiffs failed to allege facts demonstrating they were Plaintiffs' employers. Because Plaintiffs are not seeking to impose liability on the Wyndham Defendants as joint employers, there is no need to allege such facts. Instead, Plaintiffs seek to prove the Wyndham Defendants are liable through vicarious liability.

The Second Amended Complaint includes allegations that are specifically aimed at demonstrating vicarious liability. For instance, Plaintiffs allege:

> Defendants are liable for treatment and hostility towards Plaintiffs because it controlled the actions and inactions of the persons making decisions affecting Plaintiffs or it knew of should have known of these actions and inactions, or participated in same, and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiffs.

(Id. at ¶¶ 36, 77). Plaintiffs also contend: "the actions of agents of Defendants, which were each condoned and ratified by Defendants, were of a race-based nature and in violation of the laws set forth herein." (Id. at ¶ 57). Plaintiffs

6

further submit: "In essence, the actions of agents of Defendants, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein." (Id. at ¶¶ 37, 57, 78).

At this stage of the case, the Court accepts Plaintiffs' factual allegations and determines that they are sufficient to withstand Defendants' Rule 8(a)(2) and 12(b)(6) Motion to Dismiss.

**B. Exhaustion of Administrative Remedies**

The Wyndham Defendants next argue that Plaintiffs failed to exhaust their administrative remedies based on Plaintiffs' failure to identify the Wyndham Defendants in their EEOC charges of discrimination. Generally, "a person who wants to file a lawsuit under Title VII must first file a charge with the Equal Employment Opportunity Commission alleging a Title VII violation and exhaust all remedies provided by the EEOC." Virgo v. Riviera Beach Assocs., Ltd., 30 F.3d 1350, 1358 (11th Cir. 1994). "Ordinarily, a party not named in the EEOC charge cannot be sued in a subsequent civil action." Id. However, these requirements are relaxed in certain situations, as explained in Virgo.

There, the manager of a Sheraton Ocean Inn hotel sexually harassed Virgo, an employee, on multiple occasions. Id. at

7

1354. Riviera Beach Associates, owned the hotel and contracted with Sterling Group, Inc. to manage the hotel. Id. at 1353. One of Sterling's employee was the individual that perpetrated the sexual harassment against Virgo. Id. When Virgo filed a charge of discrimination with the EEOC and the FCHR, she named Sheraton Ocean Inn and Sterling Group, but failed to include Riviera Beach Associates, as a responsible party. Id. at 1354. Virgo then brought an action for violation of Title VII and included Riviera Beach as a defendant. Id.

The court did not penalize Virgo for her failure to include Riviera Beach in the EEOC charge, reasoning that "Riviera Beach knew of the pending EEOC charges and had an opportunity to participate in the conciliation process, thus satisfying the purposes of Title VII." Id. at 1359.

The court elaborated that the purpose behind the EEOC's requirement to name the person charged is to provide notice and to provide an opportunity for conciliation to the parties. Id. at 1358. Thus, instead of using a rigid test, the court should look at several factors to see if the requirement's purpose is met. Id. at 1359. The factors include

> (1) the similarity of interest between the named party and the unnamed party, (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed, (3) whether the unnamed parties received

8

>adequate notice of the charges, (4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation process, and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings.

Id.

Here, Plaintiffs were not represented by counsel at the time the EEOC discrimination charges were filed. The similarity in names between Defendants would make it difficult for Plaintiffs to legally identify the correct party without counsel. Additionally, according to the Franchise Agreement (Doc. # 30), Franchisees were required to inform Franchisors of all potential and pending litigation. Accordingly, the Court determines that the purpose behind the EEOC requirements has been satisfied, and the Wyndham Defendants' inclusion in the suit should not have come as a surprise. There is no unfair prejudice to the Wyndham Defendants as a result of their exclusion from the EEOC proceedings. The Court accordingly declines to dismiss the Wyndham Defendants from this case under the circumstances presented here.

### C. Relation Back to the Original Complaint

Lastly, the Wyndham Defendants argue that the filing of the Second Amended Complaint does not relate back to the filing of the initial complaint, and as such the claims now

9

asserted against the Wyndham Defendant are time-barred.

Under 42 U.S.C. § 2000e-5(f)(1), a plaintiff must file suit within 90 days of receiving the right to sue letter. Norris v. Fla. Dep't of Health & Rehab. Servs., 730 F.2d 682, 683 (11th Cir. 1984). Here, if the filing of the Second Amended Complaint does not relate back to the filing of the initial Complaint, some of the newly filed claims against the Wyndham Defendants would be time-barred. Pursuant to Rule 15(c)(1)(C)(ii), Plaintiffs argue that the Wyndham Defendants should have had, at a minimum, constructive notice within the time limit for service under Rule 4(m). The Court accepts this representation at the Motion to Dismiss stage. The Court preliminarily finds that the Wyndham Defendants should have been on notice regarding this suit based on the Franchise Agreement and that the Wyndham Defendants were initially not named solely based on Plaintiffs' mistaken identification of the proper corporate party. See Krupski v. Costa Crociere S.P.A., 560 U.S. 538, 541 (2010)("Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading relates back to the date of a timely filed original pleading and is thus timely even though it was filed outside an applicable statute of limitations."). As stated in Krupski, "Where an amended pleading changes a party or a party's name,

10

the Rule requires, among other things, that 'the party to be brought in by amendment . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Id. at 542. The Court accordingly denies the Motion to Dismiss.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

The Wyndham Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. # 44) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 15th day of June, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE